```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

DAVID R. MYRLAND,              )    CIVIL 18-00120 LEK-RLP
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
HELEN GILLMOR; REBECCA ANN     )
PERMUTTER; DEREK KIM,          )
                               )
          Defendants.          )
_____)
```

**ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

Before the Court is pro se Plaintiff David R. Myrland's ("Plaintiff") Verified Criminal Complaint ("Complaint"), filed March 27, 20178.  [Dkt. no. 1.]  Plaintiff alleges Senior United States District Judge Helen Gillmor, Assistant United States Attorney Rebecca Ann Perlmutter, and Probation Services Officer Derek Kim ("Defendants") have conspired to kidnap and confine Royal Lamarr Hardy at the Federal Detention Center in Honolulu, Hawai`i, in violation of 18 U.S.C. §§ 241 and 1201.  Upon screening, the Complaint is hereby dismissed without leave to amend.

## BACKGROUND

On April 14, 2002, an Information was filed in <u>United States v. Royal Lamarr Hardy</u>, CR 02-00133(01) HG ("<u>Hardy</u>").  Hardy was convicted of two counts of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and three counts of failure to file an income tax return, in violation of 26

U.S.C. § 7203.  He was sentenced to a total of 156 months of imprisonment and three years of supervised release.  [Hardy, Judgment in a Criminal Case, filed 9/15/05 (dkt. no. 636), at 1-3.]  On March 15, 2018, while on supervised release, Hardy was brought before a magistrate judge for an initial appearance for violation of his terms of release.  A hearing on an order to show cause why his supervised release should not be revoked was scheduled before Judge Gillmor.  [Id., Minutes, filed 3/15/18 (dkt. no. 845).]  A preliminary hearing was scheduled for March 16, 2018, but it was continued to March 29, 2018.  Hardy was taken into custody on March 16, 2018.  [Id., Minutes, filed 3/16/18 (dkt. no. 852).]  Perlmutter and Kim have participated in the proceedings in Hardy.  Plaintiff's Complaint in the instant case alleges Defendants "have acted in concert to confine Mr. Hardy for not providing signatures the Court has not ordered him to provide."  [Complaint at pg. 2.]  Plaintiff attempts to bring claims against Defendants for violations of 18 U.S.C. §§ 241 and 1201, and perhaps 18 U.S.C. § 4.

## **STANDARD**

Because Plaintiff has not paid a filing fee, regardless of whether he is a prisoner, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A dismissal under § 1915(e)(2)(B) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Rosati v. Igbinoso</u>, 791 F.3d 1037, 1039 (9th Cir. 2015). Dismissal for failure to state a claim is appropriate if the facts as pleaded fail to state a claim for relief that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679.

## **DISCUSSION**

Section 241 states:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured–
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or

>     an attempt to kill, they shall be fined under this
>     title or imprisoned for any term of years or for
>     life, or both, or may be sentenced to death.

Section 4 states:

>     Whoever, having knowledge of the actual commission
>     of a felony cognizable by a court of the United
>     States, conceals and does not as soon as possible
>     make known the same to some judge or other person
>     in civil or military authority under the United
>     States, shall be fined under this title or
>     imprisoned not more than three years, or both.

To the extent Plaintiff attempts to allege claims against Defendants for violations of § 4 and § 241, the Complaint fails to state a plausible claim for relief because neither § 241 nor § 4 creates a private cause of action. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) ("We affirm the dismissal of Allen's claims under 18 U.S.C. §§ 241 and 242 because these are criminal statutes that do not give rise to civil liability."); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (same); Hysell v. Schwarzenegger, No. 1:10-cv-01233-AWI-GBC (PC), 2012 WL 1130609, at *3 (E.D. Cal. Mar. 30, 2012) (finding no private cause of action under § 4).

Similarly, § 1201(a) states – subject to exceptions inapplicable here, "[w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or

4

life imprisonment." Plaintiff's attempt to state a claim for violation of § 1201 fails to state a plausible claim for relief. See Harnden v. Croswell-Lexington Cmty. Sch., Case No. 15-cv-12738, 2016 WL 2731188, at *2 (E.D. Mich. May 11, 2016) ("there is no private right of action for purported violations of the Federal Kidnapping Act" (citing Monroe v. McNairy Cnty., Tenn., 850 F. Supp. 2d 848, 876 (W.D. Tenn. Feb. 6, 2012) ("[T]he Federal Kidnapping Act is a criminal statute, and there is no indication that Congress intended to create a private right of action for violations of its provisions."); Giano v. Martino, 673 F. Supp. 92, 95 (E.D.N.Y. 1987) ("[T]he Federal Kidnapping Act was never intended to confer rights on the victim of a kidnapping, and does not do so by its language."), *aff'd*, 853 F.2d 1429 (2d Cir. 1987) (Table)).

Plaintiff's claims, which allege violations of §§ 4, 241, and 1201, are therefore dismissed.[1] The Ninth Circuit has held, "[u]nless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

---

[1] Because Plaintiff cannot bring claims alleging criminal offenses against Defendants, this Court does not need to address whether Defendants would have immunity from such claims. See, e.g., Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1872))).

dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). In this case, it is absolutely clear no amendment can cure the defects in the Complaint because the criminal statutes Plaintiff relies upon do not support civil liability. The dismissal is therefore with prejudice, in other words, Plaintiff will not be allowed to file an amend complaint in this case, and the case will be closed.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Verified Criminal Complaint, filed March 27, 2018, is HEREBY DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Clerk's Office is DIRECTED to terminate this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 4, 2018.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID R. MYRLAND VS. HELEN GILLMOR, ET AL; CIVIL 18-00120 LEK-RLP; ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. §1915(e)(2)(B)(ii)**